IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROGER HOWARD LINDSAY,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 07-0426-KD-C** |
| **JUDGE JOSEPH B. BROGDEN, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1), prior to service of process, because the claims are either frivolous or fail to state a claim upon which relief can be granted

**I.  Nature of Proceedings.**

**A.  Decision of the Alabama Court of Civil Appeals.**

In the present action, plaintiff complains that the Alabama Court of Civil Appeals reversed and remanded his case because the Circuit Court of Escambia County, Alabama, violated his rights.  After an examination of case law, this Court discovered that plaintiff is referring to the decision in *Lindsay v. State,* 958 So.2d 346 (Ala. Civ. App. Nov. 17,

2006), in which plaintiff appealed the denial by the circuit court of his request for the return of his property that was seized in conjunction with his criminal cases.  The opinion stated that on September 20, 2004, plaintiff was convicted in Escambia County Circuit Court of possessing and possessing with the intent to disseminate obscene material containing a visual depiction of a person under the age of seventeen years.  The opinion noted that the convictions were affirmed by the Alabama Court of Criminal Appeals.  *See Lindsay v. State,* No. CR-04-0618 (Sept. 23, 2005), *aff'd* 945 So.2d 1098 (Ala. Crim. App. 2005).[1]  The court of civil appeals further observed that on March 22, 2006, plaintiff filed a "motion for writ of seizure" for the State to turn over several seized items to his brother who had his power of attorney.  Computer disks, videotapes, a camera, and firearms were seized during the search of plaintiff's house on November 20, 2002.  958 So.2d at 346.  On April 5, 2006, the circuit court *sua sponte* denied plaintiff's request without a hearing and without providing the grounds therefor.

In the appeal to the court of civil appeals, the State conceded that some items should be returned, and plaintiff conceded that some items should not be returned because they are connected to his convictions and the possession of them is illegal.  *Id.* at 347.  Then the court of civil appeals stressed that plaintiff is not entitled to property in which another person has a superior claim of ownership or which is subject to a forfeiture proceeding, or to firearms because possession, constructive or actual, by a convicted felon

---

[1]Pending on this Court's docket is plaintiff's habeas corpus petition challenging these convictions, *Lindsay v. Mosley,* CA 06-0064-CG-B.

is forbidden by federal law. *Id.* at 347-48 & n.1.

The court of civil appeals noted that it was without jurisdiction to address plaintiff's collateral attack on the constitutionality of the search warrant. *Id.* at 348. This type of attack was observed as being directed to plaintiff's convictions and should be brought in a Rule 32 petition for post-conviction relief. *Id.* In reversing the summary dismissal, the court of civil appeals remanded the case so the circuit court could determine plaintiff's interest in the sought after property and declare which items should be returned. *Id.*

**B. Present § 1983 Action.**

In the complaint (Doc. 1) plaintiff names as defendants: Joseph B. Brogden, Judge of the Circuit Court of Escambia County, Alabama; Stephen Billy, District Attorney of Escambia County; and City of Atmore police officers, Charles Brooks and Heath Jackson. Plaintiff asserts that his claims stem from an "illegal search and seizure from back in 2002." (*Id.* at 5).

Plaintiff contends that on June 24, 2007, the defendants issued an order "returning cert[ain] property, but then they retracted the order, they did away with it." (Doc. 1 at 5). Plaintiff states that "[t]here will be more detailed evidence in [the] brief." (*Id.*). Plaintiff then refers in a very unclear manner to the published decision, *supra*,, to-wit:

> Now they want have a rehearing concerning this because they
> say they don't have to completely den[y] a[n] order from Hon.
> Judge Thompson and Bryan[,] JJ[.,] Crawley[,] P.J.[,]
> Murdock, J. All judge concurred with the civil appeal from
> Escambia County, and defendants. Judge Crawley[,] the

3

> presiding Judge, concurring specially.  This was handed down
> 3rd November 2006.  Completely  [ign]oring these honorable
> judges order.  Defendants never filed an appeal concerning
> this.  They have taken 30 to 40 thousand dollars from
> plaintiff[']s home that did[n']t pertain to charges.

The specific claim against defendant Brogden is for entering an order returning plaintiff's property, before he received the court of civil appeals' decision, and then retracting his order.  *Id.* at 5-6.  Defendant Brogden's order "gave back property that was money transfers out of date, weapons[.]"  (*Id.* at 6).  Defendant Brogden is alleged to have "fail[ed] to acknowledge a civil appeals['] order."  (*Id.* at 6).  Defendant Billy is charged with participating in the "override [of] civil appeal court, not returning plaintiff[']s property."  (*Id.*).  Defendant Billy allegedly signed an order identifying what should be returned to plaintiff, with no hearing having been conducted.  (*Id.*).  The claims against defendant Jackson are for participating in the creation of a "false" search warrant, "which was produced and signed by [police officer Jerrod Leechman]," for "serving [the warrant] without justification," and for confiscating "property that did not pertain to the search warrant."  (*Id.*)  Defendant Brooks is alleged to have handled the order from defendants Brogden and Billy authorizing the return of the property, which "wasn't su[p]pose to all but money transfers which was[n't] any good [and] time had run out of the [,]" and requiring plaintiff's brother to sign legal documents without giving him an opportunity to read them.  (*Id.* at 7).

For relief, plaintiff requests "his property back plus or money value of it[,] all court cost placed on defendant, pay for time[,] trouble[, and] money my brother has put

4

out[,] plus plaintiff money he has been out."  (*Id.* at 8 & 9).

## II.  Standards of Review Under 28 U.S.C. § 1915A(b).

Under 28 U.S.C. § 1915A(b)(1), the Court is required to review a complaint filed by a prisoner against a governmental official and to "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[2]  This review "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."  *Martin v. Scott,* 156 F.3d 578, 579 (5th Cir.), *cert. denied,* 527 U.S. 1041 (1999).  The Court observes that in the present action plaintiff is suing government officials and paid the full filing fee after the filing of the complaint.[3]

---

[2]Section 1915A(a) and (b)(1) and (2) provide:

    (a)  The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.

    (b)  On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

        (1)  is frivolous, malicious or fails to state a claim upon which relief may be granted; or

        (2)  seeks monetary relief from a defendant who is immune from such relief.

[3]  The Court could also review the complaint under 28 U.S.C. § 1915(e)(2) because at the time of filing, plaintiff submitted a motion to proceed without prepayment of fees and did not pay the filing fee.  That is, § 1915(e)(2) contains language, preceding the reasons for pre-service dismissal of a complaint, that provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case. . . ."  The reasons for dismissal under § 1915(e)(2)(B) and § 1915A(b) are the same.

(Doc. 4).

A claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.* at 1965.  That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 1966 (second brackets

---

The predecessor to § 1915(e)(2) and § 1915A(b) is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B) and § 1915A, the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th  Cir.),  *cert. denied*, 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) or § 1915A(b) is now mandatory.  *Bilal*, 251 F.3d at 1348-49.

in original).  "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient for grounds for entitlement to relief.  *Id.* at 1965.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, ___, 127 S.Ct. 910, 920-21 (2007).

## III.  Analysis.                          .

### A.  Defendant Brogden.

The Court notes that plaintiff's allegations do not clearly convey what has occurred regarding the return of money or property to him.  However, plaintiff's pleadings as a *pro se* plaintiff are held by the Court to less stringent standards than those drafted by lawyers.  *Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 595-596 (1972).  Even though leniency is given to *pro se* litigants, the courts will not act as a plaintiff's *de facto* attorney or rewrite a deficient complaint.  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1368 (11th Cir. 1998).

As the Court can best discern, the state circuit court, prior to the court of civil appeals' remanding plaintiff's case, entered an order apparently authorizing the return of money and property, and then, upon receipt of the remand, the state circuit court withdrew the order.  Afterwards plaintiff filed the present § 1983 action.

A federal district court first reviews an action to see if it has subject matter jurisdiction over the action, because it is a court of limited of jurisdiction.  *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 2000) ("[A]

7

federal court should inquire into whether it has subject matter jurisdiction at the earliest stage in the proceedings. . . [and] is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (citations omitted); *see Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994) (ruling a federal court is authorized by the Constitution or Congress to hear only certain types of actions). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction," *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001), "once a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  Thus, it is a plaintiff's duty in a federal civil action to set forth in the complaint the basis for the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Upon review of plaintiff's present complaint, the Court finds that it lacks subject-matter jurisdiction over some of his claims based on the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 (1983); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).  Under the *Rooker-Feldman* doctrine a federal district court lacks subject-matter jurisdiction to review a final judgment of a state court. *Id*. at 482, 103 S.Ct. at 1315. "Review of such judgments may be had only in [the United States Supreme Court]." *Id*. The *Rooker-Feldman* doctrine not only precludes a federal district court from reviewing federal issues that were raised in state court proceedings but also those federal issues that

should have been raised in state court proceedings because they are "inextricably intertwined" with a state court's judgment.  *Id.* at n.16, 103 S.Ct. at n.16.

In the case at hand, plaintiff seeks to hold defendant Brogden liable for an order he issued authorizing the return of property to plaintiff before the court of civil appeals issued its opinion and then later retracting his opinion.  (Doc. 1 at 5- 6).  This is a matter from which plaintiff should have requested a rehearing or taken another appeal, as this Court does not rule on decisions made by state courts in a § 1983 action.  And "[a] litigant may not escape application of the [*Rooker-Feldman*] doctrine by merely electing not to appeal an adverse state trial court judgment."  *Powell v. Powell,* 80 F.3d 464, 467 (11th Cir. 1996); *see Rolleston v. Eldridge,* 848 F.2d 163, 165 (11th Cir. 1988) ("A § 1983 action in federal district court is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court.").

## B.  Defendant Billy.

Similarly, the claim against defendant Billy is for participating in the "override [of] civil appeal court, not returning plaintiff[']s property."  (Doc. 1 at 6).  Plaintiff alleges that defendant Billy's participation was signing an order identifying what should be returned to plaintiff, with no hearing having been conducted.  Many facts of this general claim are not clear.  However, it would seem that the district attorney may have provided a list to the court of the property seized, advised the court which items could be returned to plaintiff, and signed the order acknowledging that he provided the list or had seen the order before the judge signed the order. This, however, is mere speculation on account of

the lack of information provided by plaintiff.  To the extent that plaintiff is complaining

about the circuit court's initial order or orders issued by the circuit court on remand from

the court of civil appeals, this Court lacks subject matter jurisdiction.  Plaintiff should

have requested a rehearing in his state court case or should have taken another appeal.

Alternatively, plaintiff's claims against defendant Billy fail to state a claim upon which

relief can be granted because it lacks plausibility indicating that there is enough heft

showing that plaintiff is entitled to relief.  *Twombly,* 127 S.Ct. at 1966.

### C.  Defendant Jackson.

Plaintiff's claim against defendant Jackson is for serving the search warrant[4] and

seizing property that did not pertain to the search warrant.  Plaintiff does not specify when

these incidents occurred.  However, the opinion in *Lindsay v. State, supra,* provides that

the records showed that a search warrant was obtained on November 20, 2002, and

---

[4]In this claim, plaintiff states that defendant Jackson falsely made the search warrant, but then he states that the warrant was produced and signed by Jerrod Leechman, whom he identifies as an Atmore police officer.  This conflict renders this aspect of the claim against defendant Jackson frivolous.  *Battle v. Central State Hospital,* 898 F.2d 126, 130 n.3  (11th Cir. 1990) ("[A]llegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal as baseless.").  Or, on the other hand, the specific allegation controls the general allegation.  That is, Officer Leechman produced and signed the warrant, rather than defendant Jackson who allegedly had a part in "falsely making" the affidavit.  *See United States v. Pielago,* 135 F.3d 703, 719 (11th Cir. 1998) ("When two contract terms conflict, the specific term controls over the general one."); *Womancare of Orlando, Inc. v. Agwunobi,* 448 F.Supp.2d 1293, 1306  (M.D. Fla. 2005) ("[I]n the absence of specific venue provision in the Act, the general venue statute controls[.]");  *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 96 S.Ct. 1989 (1976) ("It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more general one, regardless of the priority of enactment.").  Allegation concerning Officer Leechman is more specific and, therefore, controls this claim.

10

plaintiff was convicted on September 20, 2004.  985 F.2d at 347.  The opinion also

indicates that the court of civil appeals would not allow plaintiff to collaterally attack the

search warrant because it would challenge the validity of the convictions and a Rule 32

proceeding was available to plaintiff for that purpose.  *Id.* at 348.

This Court does not discern a claim against defendant Jackson for merely serving

the search warrant on plaintiff.  Serving a warrant is one of defendant Jackson's duties.

*State v. Property at 2010 Rainbow Drive known as Oasis,* 740 So.2d 1025, 1031 (Ala.

1999) (observing that Rule 3.10 of the Alabama Rules of Criminal Procedure provides

that "[t]he search warrant shall be directed to *and served by a law enforcement officer, as*

*defined by Rule 1.4(p)*"); *see Michigan v. Summers,* 452 U.S. 692, 705, 101 S.Ct. 2587,

2595 (1981) ("We hold that a warrant to search for contraband founded on probable cause

implicitly carries with it the limited authority to detain the occupants of the premises

while a proper search is conducted.").  However, defendant Jackson's taking of property

that was not listed on the search warrant was not authorized and appears to be a random

act by defendant Jackson.

The taking of property without due process of law is a violation of the

Constitution.  *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 1914 (1981)

("Nothing in [the Fourteenth Amendment] protects against all deprivations of life, liberty,

or property by the State.  [It] protects only against deprivations without due process of

law."), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106

S.Ct. 662, 664 (1986).

11

In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984), the United States Supreme Court held that the deprivation of property by persons acting under color of state law does not constitute a deprivation without due process of law when a predeprivation hearing is impractical and there is available an adequate postdeprivation remedy at the time of the deprivation. *Id.* at 532-33, 104 S.Ct. at 3203-04. The *Hudson* Court reasoned that impracticality occurs when the loss of property occurs as a result of a "random, unauthorized act by a state employee," *id.* at 532, 104 S.Ct. at 3203 (quoting *Parratt*, 451 U.S. at 541, 101 S.Ct. at 1916 ), because it is impossible for the State to know beforehand of the deprivation, negligent or intentional, and to provide a predeprivation hearing prior to the loss. *Id.* at 533, 104 S.Ct. at 3203. Some postdeprivation remedies that have satisfied due process are administrative procedures, *Parratt*, 451 U.S. at 543-44, 101 S.Ct. at 1916-17, or ordinary state tort litigation procedures, *Hudson*, 468 U.S. at 535-36, 104 S.Ct. at 3204.

Based on the allegations, the actual deprivation occurred during the execution of the search warrant. Once the search was underway, defendant Jackson's seizure of non-listed property was random and unauthorized for which a predeprivation hearing was impractical. Therefore, in order for plaintiff's deprivation of property claim to be reviewable in this Court, the plaintiff must establish that there was no adequate postdeprivation procedure available to him at the time of the deprivation. *See Tinney v. Shores,* 77 F.3d 378, 382 n.1 (11th Cir. 1996) (finding that plaintiffs' claim failed when they argued the violation was complete at the time of the deprivation because they

12

neglected to address the availability of an adequate postdeprivation remedy).

Plaintiff, however, will not be able to establish that an adequate postdeprivation remedy was unavailable to him at the time of the deprivation.  He had available to him a remedy in a tort action for the deprivation of his personal property by a city official. *Browning v. City of Wedowee, Ala.,* 883 F. Supp. 618, 623 (M.D Ala. 1995). (citing ALA. CODE § 6-5-260 (1975)).[5]  Whereas, claims for the loss of  property incurred at the hands of Alabama state agencies or their employees may be presented for compensation to the Alabama Board of Adjustment pursuant to Alabama Code §§ 41-9-60, *et seq.*   And a state employee may be personally liable to an inmate in an ordinary tort action.  *Milton v. Espey*, 356 So.2d 1201 (Ala. 1978); ALA. CODE § 6-5-262 (1975).

It is not necessary that the postdeprivation remedy be available to plaintiff at the present time to determine whether the deprivation was with or without due process.  *See Parratt*, 451 U.S. at 543-44, 101 S.Ct. at 1917.  It is only required that an adequate postdeprivation remedy have been available to plaintiff when the deprivation occurred. *Id.*  Because an adequate postdeprivation remedy was available at the time of plaintiff's loss, the deprivation of plaintiff's property does not violate due process.  Accordingly, plaintiff's claim against defendant Jackson for a deprivation of property without due

---

[5]And it appears plaintiff was using a remedy available to him when he filed a motion for writ of seizure in his criminal case with the circuit court, and appealed the circuit court's decision to the Alabama Court of Criminal Appeals, which transferred it the Alabama Court of Civil Appeals. *Lindsay,* 958 So.2d at 347.  The Alabama Court of Civil Appeals then issued its decision in  *Lindsay v. State,* 958 So.2d 346, 347 (Ala. Civ. App. 2006), reversing the circuit court's decision and remanding plaintiff's case to the circuit court. *Id.* at 348.

process of law is frivolous. *Lindsey v. Storey,* 936 F.2d 554, 561 (11th Cir. 1991)

("Because [plaintiff] has had access to an adequate postdeprivation remedy, [i.e.,

Georgia's wrongful conversion of personal property statute], no procedural due process

violation occurred, whether or not [defendant] ever initiated forfeiture proceedings);

*Dawson v. City of Montgomery,* 2008 WL 659800, at *8 (M.D. Ala. Mar. 6, 2008)

(unpublished) (finding that Alabama's conversion statute, Alabama Code § 6-5-260

(1975), is an adequate postdeprivation remedy); *Powell v. Ellis,* 2007 WL 2669432, at *3

(N.D. Fla. Sept. 7, 2007) (finding the inmate was not denied due process when his legal

papers were destroyed because Florida's statute provided a remedy for the deprivation);

*accord Walden v. Carmack,* 156 F.3d 861, 873 (8th Cir. 1998) (holding that the seizing of

items not listed on the search warrant was not a deprivation without due process because

plaintiffs had failed to petition the circuit court, post-seizure, for return of the seized

property as authorized by statute); *Schertz v. Waupaca County,* 683 F. Supp. 1551, 1576

(finding no due process violation for the damage done during a search because there were

adequate post-deprivation remedies - a tort remedy and procedures for return of seized

property), *aff'd* 875 F.3d 578 (7th Cir. 1989).

### D.  Defendant Brooks.

The remaining defendant, defendant Brooks, "handled the order from Judge

Brogden and Stephen Billy District Attorney, giv[]ing back property that [was not]

su[p]pose to all but money transfers which [was not] any good[.] [T]ime had run out on

the." (*Id.* at 7).  The Court does not understand this claim.  The only statement that the

Court can discern is that defendant Brooks "handled the order." But this act by itself does not violate a constitutional right.

Plaintiff also alleges that his brother was not given time by defendant Brooks to read some unspecified legal documents. There are no allegations showing how plaintiff has an injury connected to this claim. *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S.Ct. 2174, 2179-80 (1996) (holding that a prisoner must establish that he has suffered an actual injury in order to establish that he has standing to bring his claim). Rather, it appears that plaintiff's brother is the aggrieved party. However, there is "general prohibition of a litigant's raising another persons' legal rights." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324 (1984). Accordingly, plaintiff has no standing to bring this claim for his brother. Plaintiff's claim is therefore frivolous..

## IV. Conclusion.

Based upon the foregoing reasons, the undersigned recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1), prior to service of process, because the claims are either frivolous or fail to state a claim upon which relief can be granted

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 17th day of September, 2008.

s/WILLIAM E. CASSADY

UNITED STATES MAGISTRATE JUDGE

15

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.       *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


                    s/WILLIAM E. CASSADY
                    UNITED STATES MAGISTRATE JUDGE.

16